| | |
|---|---|
| SAMUEL BURT, #141532,       ) | C/A No. 3:08-3110-SB-JRM |
|         ) | |
|       Petitioner,       ) | |
|         ) | |
|       v.         ) | **REPORT AND RECOMMENDATION** |
|         ) | |
| WILLIE EAGLETON, WARDEN;     ) | |
| HENRY MCMASTER, Attorney General,   ) | |
|         ) | |
|       Respondents.     ) | |
| _____ ) | |

Petitioner, Samuel Burt ("Burt") is an inmate at the South Carolina Department of Corrections ("SCDC") serving three (3) sentences of thirty (30) years imprisonment, consecutive, for criminal sexual conduct with a minor, first degree. Burt filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on September 12, 2008. Respondents filed a return and motion for summary judgment on January 12, 2009. Because Burt is *pro se*, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was issued on January 13, 2009 explaining to him his responsibility to respond to the motion for summary judgment. Burt filed his response on March 3, 2009.

### Background and Procedural History

Burt was arrested in Florence County on April 22, 1987 and charged with numerous counts of assault with intent to commit criminal sexual conduct, criminal sexual conduct with a minor in the first degree, and lewd act on a child. In May of 1987 the Grand Jury returned an indictment charging him with six hundred (600) counts of child molestation. (App. 324). The victims were his two stepdaughters and a third child who lived in his residence. Burt was represented by Ernest B. Hinnant, Esquire.

**1. Guilty Plea**

On June 15, 1987, Burt pled guilty to Counts 1, 13 and 314 in the indictment. The Honorable Dan F. Laney, Jr., accepted the pleas and sentenced Burt.

**2. Direct Appeal**

Burt did not file a direct appeal.

**3. Application for Post Conviction Relief ("PCR 1")**

On November 28, 1995 Burt filed a *pro se* application for post-conviction relief in the Court of Common Pleas for Florence County, Burt v. State, 95-CP-21-1383. (App. 11). An amendment was filed on January 3, 1996. (App. 20). Burt filed a one hundred forty-eight (148) page "Addition and/or Amendment to Application for Post-Conviction Relief, Supporting Brief and Attachments A, B, C, D & E" on February 19, 1999. (App. 54).

An evidentiary hearing was held before the Honorable Sidney T. Floyd on February 22, 1999. (App. 202). Burt was represented by Thomas E. Rogers, Jr., Esquire. At the hearing counsel summarized Burt's numerous grounds for relief as seeking a new trial based on ineffective assistance of trial counsel, or in the alternative asking the court to rule that he was entitled to file a direct appeal under state procedure. (App. 205). The PCR court issued a written order of dismissal on April 26, 1999. (App. 316).

A petition for writ of certiorari was filed on Burt's behalf by the South Carolina Office of Appellate Defense raising the following issues.

> 1. Did the trial court have subject matter jurisdiction of the charges to which petitioner pleaded guilty?
>
> 2. Was petitioner's plea knowing and voluntary, where it was the product of coercion, duress, and ineffective assistance of trial counsel?

The South Carolina Supreme Court denied certiorari as to Burt's claim that his guilty plea was involuntary due to ineffective assistance of counsel. However, the court granted certiorari as to Burt's claim that the trial court lacked subject matter jurisdiction and ordered briefing on the issue.

After full briefing, the Supreme Court dismissed the petition for writ of certiorari as having been improvidently granted. *See* <u>Burt v. State</u>, Op.No. 2003-MO-027 (filed March 24, 2003). Burt filed a *pro se* petition for rehearing which did not relate to the subject matter jurisdiction issue upon which the writ of certiorari had been granted, but argued that this guilty plea was rendered involuntary due to ineffectiveness of his trial counsel, i.e., the issue upon which the Supreme Court had initially denied certiorari.

The South Carolina Supreme Court denied the petition for rehearing and the Remittitur was returned on April 23, 2003.

### 4. Second Application for Post-Conviction Relief ("PCR II")

Burt filed a second application for post-conviction relief, <u>Burt v. State</u>, 03-21-1569 on August 21, 2003. (App. II, 1). An evidentiary hearing was held on August 24, 2004 before the Honorable B. Hicks Harwell, Jr. Burt was represented by Henry M. Anderson, Jr., Esquire. After a period for additional briefing, the PCR court issued an "Order of Dismissal with Prejudice" dated September 14, 2004, filed September 16, 2004. The PCR court found the application to be successive pursuant to S.C.Code Ann. § 17-26-90 and in violation of the statute of limitations contained in S.C.Code Ann. § 17-27-45(A).

Instead of seeking immediate appellate review, Burt sought to challenge the sufficiency of the PCR court's order of dismissal. Consequently, the record relating to PCR II filed in this Court contains two appendices and a supplemental appendix which are overlapping and confusing. Review

of this portion of the record shows:

**a.** Burt filed (1) Motion for Continuance, Hearing and Reappointment In re Attorney Misconduct; (2) Objection to Proposed Order of Dismissal with Prejudice and Motions; and (3) Motion to Alter or Amend Judgment and Motions.

**b.** A hearing was held on Burt's motions on October 7, 2004. Mr. Anderson again represented Burt.

**c.** The PCR court issued a second Order of Dismissal with Prejudice, dated February 4, 2005, filed February 8, 2005. The court reiterated that PCR II was successive and violated the state statute of limitations.

**d.** The motions filed by Burt listed above were denied by an order dated March 30, 2005, and filed April 6, 2005.

A <u>Johnson</u>[1] petition for writ of certiorari was filed on Burt's behalf by the South Carolina Office of Appellate Defense raising the following issue:

> Petitioner's first PCR counsel erred in failing to file a Rule 59(e) motion after an order of dismissal was issued at the close of his first collateral action.

Pursuant to state procedure, Burt filed a *pro se* brief raising the following issues:

> I. Did the PCR court err by denying Petitioner's motion to alter or amend judgement from a dismissal with prejudice of Petitioner's PCR application containing a valid claim to an evidentiary hearing pursuant to <u>Austin v. State</u>?
>
> II. Was the PCR court's adjudication of Petitioner's subject matter jurisdiction issues erroneous and inadequate to comply with statte and d[u]e process?

Burt also filed an "Objection to a Faulty Record and Appendix Supplement." The Supreme

---

[1] <u>Johnson v. State</u>, 364 S.E.2d 201 (S.C. 1988); <u>see also</u> <u>Anders v. California</u>, 386 U.S. 738 (1967).

Court construed it as a motion to amend the record. By order dated January 10, 2008, the Supreme Court denied the petition for writ of certiorari and Burt's motion to amend the record. The Remittitur was returned on January 28, 2008.

### Grounds for Relief

In his present petition Burt asserts that he is entitled to relief on eleven separate grounds listed below. He provides a lengthy factual section of "Supporting Facts" with some grounds which are not reproduced here. Review of the petition shows that his grounds for relief are overlapping and redundant.

**Ground One:** Petitioner was denied his right of appeal through ignorance and counsel's incompetent advise and numerous failures to object or preserve issues for appeal;

**Ground Two:** Petitioner was convicted by a plea of guilty which was not made voluntary with an understanding of the nature of the charge, the crucial elements of the felonies to which he was pleading, the consequences of the plea or the maximum time he actually facing, his rights concerning assistance of counsel and confrontation of witnesses, the factual basis to which he was pleading, or his right to appeal;

**Ground Three:** Petitioner's guilty plea was not entered knowingly or voluntarily, but was the product of coercion, of misadvise, of duress, of ignorance and of the constructive deprivation of assistance of counsel altogether;

**Ground Four:** Petitioner's conviction and sentence was obtained in violation of due process of law, the right to be informed of the nature and cause of the accusations, the protection against double jeopardy, and to a fair trial because wholly or substantially defective indictments were grossly inadequate, prejudicial inflammatory and failed to inform and to confer jurisdiction on the court;

5

**Ground Five:**     Petitioner's conviction stands void as a matter of law because there exists no confession nor evidence in the record to support the same; the state erred and cannot support a conviction based on hearsay and other incompetent, nonprobative evidence in violation of the United States Constitution;

**Ground Six:**     Petitioner was sentenced by a judge who -because of counsel's failure to object to hearsay and other incompetent, nonprobative evidence adduced by the Solicitor at sentencing - was influenced by improper considerations to impose the maximum sentence contrary to counsel's pretrial assertions.

**Ground Seven:**     Trial counsel numerously and steadfastly refused to render assistance of counsel altogether which resulted in an involuntary guilty plea constituted pervasive incompetency and presumed prejudice;

**Ground Eight:**     Trial counsel's collective performance demonstrated a constructive conflict of interest such that he abandoned any pretense of representation and effectually acted in the role of an adversary to his client rendering due- [process] unfair and unconstitutional as a matter of law.

**Ground Nine:**     Petitioner is entitled to federal habeas corpus relief because from a uniquely unconstitutional conviction and sentence petitioner has been denied full, fair and just due process of law in pursuit of both direct and collateral appeal.

**Ground Ten:**     Petitioner is entitled to plenary review of his habeas corpus claims because from an extraordinarily unconstitutional conviction and sentence unlawfully imposed state remedies have proven ineffective, inadequate and arbitrary in violation of the United States Constitution.

**Ground Eleven:**     Petitioner should be granted an evidentiary hearing for review of his habeas corpus claims because the state courts' adjudication of his constitutional issues has been irremediably colored and rendered unreliable by reason of numerous unfair and prejudicial legal,

factual and procedural errors.

## Discussion

### A.  Anti-Terrorism and Effective Death Penalty Act ("AEDPA") Statute of Limitations

Respondents assert that the petition should be dismissed because it was not timely filed under the one-year statute of limitations created by the AEDPA.  The AEDPA became effective on April 24, 1996.  The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts.  One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions.  Subsection (d) of the statute now reads:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The one-year statute of limitations begins to run on the date the petitioner's conviction

becomes final, not at the end of collateral review.  Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000).  In South Carolina, a defendant must file a notice of appeal within 10 days of his conviction. Rule 203(b)(2), SCACR.  Thus if a defendant does not file a direct appeal, his conviction becomes final ten days after the adjudication of guilt.  Crawley v. Catoe, 257 F.3d 395 (4th Cir. 2001).  If a defendant files a direct appeal and his conviction is affirmed, the conviction becomes final 90 days after the final ruling of the South Carolina Supreme Court.  Harris, 209 F.3d at 328, n. 1 (conviction become final on the expiration of the 90-day period to seek review by the United States Supreme Court).

The statute of limitations is tolled during the period that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).  The statute of limitations is tolled for the entire period of the state post-conviction process, "from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)."  Taylor v. Lee, 196 F.3d 557, 561 (4th Cir. 1999).  Following the denial of relief in the state courts in state habeas proceedings, neither the time for filing a petition for certiorari in the United States Supreme Court, nor the time a petition for certiorari is considered by the United States Supreme Court, is tolled."  Crawley v. Catoe, 258 F.3d at 399.  A state collateral proceeding must be "properly filed" for the statutory tolling provisions of 28 U.S.C. § 2244(d)(2) to apply.  "(A)n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.  These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee."  Artuz v. Bennett, 531 U.S. 4, 8 (2000) (footnote omitted).  "When a post-conviction

petition is untimely under state law, 'that [is] the end fo the matter' for purposes of § 2244(d)(2)." Pace v. DiGulielmo, 544 U.S. 408, 414 (2005) quoting Carey v. Saffold, 536 U.S. 214, 236 (2002).

Generally, computing periods of time under 28 U.S.C. § 2244(d)(2) is pursuant to Fed. R. Civ. P. 6(a). Hernandez v. Caldwell, 225 F.3d 435, 439 (4th Cir. 2000).

The Fourth Circuit has held that the statute of limitations in § 2254 is not jurisdictional, but subject to the doctrine of equitable tolling. Equitable tolling applies only in "those rare instances where–due to circumstances external to the [petitioner's] own conduct–it would be unconscionable to enforce the limitation against the [petitioner]." Harris, 209 F.3d at 330. Under § 2244(d), the State bears the burden of asserting the statute of limitations. Petitioner then bears the burden of establishing that his petition is timely or that he is entitled to the benefit of the doctrine of equitable tolling. Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002). To benefit from the doctrine of equitable tolling, a petitioner must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way" preventing him from timely filing. Pace, 544 U.S. at 418. An attorney's mistake in calculating the filing date for a habeas petition relative to the AEDPA's statute of limitations is not an extraordinary circumstance warranting equitable tolling. Lawrence v. Florida, 549 U.S. 327, 336-337 (2007) ("Attorney miscalculation [of a deadline] is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel."). See also Harris, 209 F.3d at 331.

Burt's conviction became final well before the effective date of the AEDPA. However, PCR I was pending on the effective date and remained pending until April 23, 2003 when the Remittitur was returned by the South Carolina Supreme Court. Therefore, Burt had until April 24, 2004 to file his petition in this Court. He did not do so. Review of the procedural history of Burt's

state court efforts outlined above shows that PCR II was pending for over four years. It is clear that if PCR II did not toll the statute of limitations, the present petition is untimely.

Burt does not seek to invoke the doctrine of equitable tolling, but he argues that PCR II tolled the statute of limitations. (*See* Petition, ¶ 18 and <u>Roseboro</u> Response, pp. 7-12). The undersigned disagrees.

As noted above the AEDPA's statute of limitations is tolled during the pendency of "a properly filed" PCR pursuant to 28 U.S.C. § 2244(d)(2). PCR II was not properly filed because the court found that it was successive and barred by the statute of limitations imposed for PCR's under state law. *See* <u>Pace v. DiGulielmo</u>, *supra.* The fact that the court in PCR II also addressed the issue of subject matter jurisdiction does not infer that he South Carolina courts considered the application to have been timely filed. *See* <u>Carey v. Safford</u>, 536 U.S. 214, 225 (2002) ("A court will sometimes address the merits of a claim that it believes was presented in an untimely way."); *see also* <u>Pettinato v. Eagleton</u>, 446 F.Supp2d 641 (D.S.C. 2006) (analyzing South Carolina procedural rules regarding PCR applications). The undersigned finds that the AEDPA statute of limitations was not tolled by PCR II under the holding of <u>Pace v. DiGulielmo</u> and <u>Pettinato</u>.

**B. Procedural Bar**

Exhaustion and procedural bypass are separate theories which operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. The two theories rely on the same rationale. The general rule is that a petitioner must present his claim to the highest state court with authority to decide the issue before the federal court will consider the claim.

**1.      Exhaustion**

The theory of exhaustion is based on the statute giving the federal court jurisdiction of habeas

petitions. Applications for writs of habeas corpus are governed by 28 U.S.C. § 2254, which allows relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States." The statute states in part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that
>
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B)(i) there is either an absence of available State corrective process; or
>>
>> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

This statute clearly requires that an applicant pursue any and all opportunities in the state courts before seeking relief in the federal court. When subsections (b) and (c) are read in conjunction, it is clear that § 2254 requires a petitioner to present any claim he has to the state courts before he can proceed on the claim in this court. See O'Sullivan v. Boerckel, 526 U.S. 838 ( 1999).

The United States Supreme Court has consistently enforced the exhaustion requirement.

> The exhaustion doctrine existed long before its codification by Congress in 1948. In Ex parte Royall, 117 U.S. 241, 251 (1886), this Court wrote that as

11

> a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act....

Rose v. Lundy, 455 U.S. 509, 515 (1982).

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first avenue is through a direct appeal and, pursuant to state law, he is required to state all his grounds in that appeal. See SCACR 207(b)(1)(B) and Blakeley v. Rabon, 266 S.C. 68, 221 S.E.2d 767 (1976).   The second avenue is by filing an application for post-conviction relief ("PCR").  See S.C. Code Ann. § 17-27-10 et seq.  A PCR applicant is also required to state all of his grounds for relief in his application.  See, S. C. Code Ann. § 17-27-90.  A PCR applicant cannot assert claims on collateral attack which could have been raised on direct appeal.  Simmons v. State, 264 S.C. 417, 215 S.E.2d 883 (1975). Strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina Courts. The South Carolina Supreme Court will only consider claims specifically addressed by the PCR court.  If the PCR court fails to address a claim as is required by S.C.Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP.  Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. Marlar v. State, 375 S.C. 407, 653 S.E.2d 266 (2007).   A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision.  S.C. Code Ann. § 17-27-45.

When the petition for habeas relief is filed in the federal court, a petitioner may present only those issues which were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually

reached the merits of the claim.[2]  Further, he may present only those claims which have been squarely presented to the South Carolina appellate courts. "In order to avoid procedural default [of a claim], the substance of [the] claim must have been fairly presented in state court...that requires the ground relied upon [to] be presented face-up and squarely.  Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick." Joseph v. Angelone, 184 F.3d 320, 328 (4th Cir. 1999) (internal quotes and citations omitted).  If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts, Patterson v. Leeke, 556 F.2d 1168 (4th Cir. 1977) and Richardson v. Turner, 716 F.2d 1059 (4th Cir. 1983). If petitioner has failed to raise the issue before the state courts, but still has any means to do so, he will be required to return to the state courts to exhaust the claims.  See Rose v. Lundy, supra.

**2.	Procedural Bypass[3]**

Procedural bypass is the doctrine applied when the person seeking relief failed to raise the claim at the appropriate time in state court and has no further means of bringing that issue before the state courts.  If this occurs, the person is procedurally barred from raising the issue in his federal habeas petition.  The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, Smith v. Murray, 477 U.S. 527, 533 (1986).  Bypass can occur at any level of the state proceedings,

---

[2]In cases where the South Carolina Supreme Court applied a procedural bar, however, this court is directed to also apply that bar, except in certain limited circumstances.  See discussion below on procedural bypass.

[3]This concept is sometimes referred to as procedural bar or procedural default.  If a petitioner procedurally bypasses his state remedies, he is procedurally barred from raising them in this court.

if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South Carolina are described above, and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote

> not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

Reed v. Ross, 468 U.S. 1, 10-11 (1984).

Although the federal courts have the power to consider claims despite a state procedural bar,

> the exercise of that power ordinarily is inappropriate unless the defendant succeeds in showing both 'cause' for noncompliance with the state rule and 'actual prejudice resulting from the alleged constitutional violation.'

Smith v. Murray, supra, quoting Wainwright v. Sykes, 433 U.S. at 84 (1977); see also Engle v. Isaac, 456 U.S. 107, 135 (1982).

Stated simply, if a federal habeas petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a petitioner has failed to comply with state procedural requirements and cannot make the required showing(s) of cause and prejudice, the federal courts generally decline to hear the claim. See Murray v. Carrier, 477 U.S. 478, 496 (1986).

### 3. Inter-relation of Exhaustion and Procedural Bypass

As a practical matter, if a petitioner in this court has failed to raise a claim in state court, and

is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts, and this court is barred from considering the claim (absent a showing of "cause" and "actual prejudice"). In such an instance, the exhaustion requirement is "technically met" and the rules of procedural bar apply. Matthews v. Evatt, 105 F.3d 907 (4th Cir. 1997); cert. denied, 522 U.S. 833 (1997) citing Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991); Teague v. Lane, 489 U.S. 288, 297-98 (1989); and George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996).

### 4. Excusing Default

The requirement of exhaustion is not jurisdictional, and this court may consider claims which have not been presented to the South Carolina Supreme Court in limited circumstances. Granberry v. Greer, 481 U.S. 129, 131 (1989). First, a petitioner may obtain review of a procedurally barred claim by establishing cause for the default and actual prejudice from the failure to review the claim. Coleman v. Thompson, 501 U.S. at 750 and Gary v. Netherland, 518 U.S. 152, 162 (1996). Second, a petitioner may rely on the doctrine of actual innocense.

A petitioner must show both cause and actual prejudice to obtain relief from a defaulted claim. In this context, "cause" is defined as "some objective factor external to the defense [that] impeded counsel's efforts to comply with the State's procedural rule." Strickler v. Greene, 527 U.S. 263, 283 n. 24 (1999) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986). A petitioner may establish cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, demonstrate the novelty of his claim, or show interference by state officials. Murray v. Carrier; Clozza v. Murray, 913 F.3d 1092 (4th Cir. 1990), cert. denied, 499 U.S. 913 (1991); and Clanton v. Muncy, 845 F.2d 1238 (4th

Cir.), cert. denied, 485 U.S. 1000 (1988). A petitioner must show reasonable diligence in pursuing his claim to establish cause. Hoke v. Netherland, 92 F.3d 1350, 1354 n. 1 (4th Cir. 1996). Further, the claim of cause must itself be exhausted. Edwards v. Carpenter, 529 U.S. 446 (2000) (failure of counsel to present issue on direct appeal must be exhausted in collateral proceeding as ineffective assistance to establish cause for default).

Generally, a petitioner must show some error to establish prejudice. Tucker v. Catoe, 221 F.3d 600, 615 (4th Cir.), cert. denied, 531 U.S. 1054 (2000). Additionally, a petitioner must show an actual and substantial disadvantage as a result of the error, not merely a possibility of harm to show prejudice. Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997).

"Actual innocense" is not an independent claim, but only a method of excusing default. O'Dell v. Netherland, 95 F.3d 1214, 1246 (4th Cir. 1996), aff'd, 521 U.S. 151 (1997). To prevail under this theory, a petitioner must produce new evidence not available at trial to establish his factual innocence. Royal v. Taylor, 188 F.3d 239 (4th Cir. 1999). A petitioner may establish actual innocense as to his guilt, Id., or his sentence. Matthews v. Evatt, 105 F.3d 907, 916 (4th Cir. 1997).

### 5. Procedure

Procedural default is an affirmative defense which is waived if not raised by respondents. Gray v. Netherland, 518 U.S. at 165-66. It is petitioner's burden to raise cause and prejudice or actual innocence. If not raised by petitioner, the court need not consider the defaulted claim. Kornahrens v. Evatt, 66 F.3d 1350 (4th Cir. 1995), cert. denied, 517 U.S. 1171 (1996).

Burt did not file a direct appeal. The only grounds that he has properly exhausted are those contained in this petition for writ of certiorari following denial of PCR I. The claims are encompassed within Ground 2, Ground 3, and Ground 4 of the present petition. All other claims are

procedurally barred and will not be addressed in this Report and Recommendation.

### C. Standard of Review

Since Burt filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 521 U.S. 320 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir.), *cert. denied,* 521 U.S. 371 (1998) and Green v. French, 143 F.3d 865 (4th Cir. 1998), *cert. denied*, 525 U.S. 1090 (1999). That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Supreme Court has addressed procedure under § 2254(d). See Williams v. Taylor, 529 U.S. 362 (2000). In considering a state court's interpretation of federal law, this court must separately analyze the "contrary to" and "unreasonable application" phrases of § 2254(d)(1).

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases .... A state- court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [the Court's] precedent.
>
> * * *
>
> [A] state-court decision involves an unreasonable application of [the Supreme] Court's precedent if the state court identifies the correct governing legal rule from this Court's cases but unreasonably applies it to the facts of the particular state prisoner's case. Second, a state-court decision also involves an unreasonable application of [the] Court's precedent if the state court either

unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.

Id. at 1519-20. Ultimately, a federal habeas court must determine whether "the state court's application of clearly established federal law was objectively unreasonable." Id. at 1521.

### D. Subject Matter Jurisdiction

In the petition for writ of certiorari following denial of PCR I, Burt argued that the trial court lacked subject matter jurisdiction because of defects in the indictment. Burt alleged that the indictment failed to allege an essential element of the crime (age of the victim), the indictment was vague and overly broad, and the indictment was invalid because it was duplicitous.

The criminal jurisdiction of the Circuit Courts in South Carolina is established by Article V, § 11 of the South Carolina Constitution ("The Circuit Court shall be a general trial court with original jurisdiction in ...criminal cases"). Subject matter jurisdiction is the authority of a court to hear and determine cases of the general class to which the proceedings in question belong. Dove v. Gold Kist, Inc., 442 S.E.2d 598 (S.C. 1994) and State v. Gentry, 610 S.E.2d 494, 498 (S.C. 2005). The Circuit Court gains subject matter jurisdiction in a criminal case in one of three ways: "(1) the grand jury true bills an indictment which sufficiently states the offense; (2) the defendant waives presentment in writing; or (3) the offense is a lesser included offense of a crime adequately charged in a true bill of indictment." State v. Gonzales, 600 S.E.2d 122, 124 (Ct. App. 2004).

A court's jurisdiction over the subject matter of a proceeding before it is fundamental. A party may raise lack of subject matter jurisdiction at any time, including on appeal for the first time. Further, the court may raise the issue *sua sponte*. Lack of subject matter jurisdiction may not be waived by the parties. Brown v. State, 540 S.E.2d 846 (S.C. 2001). The acts of a court which lacks

subject matter jurisdiction are void.  <u>State v. Funderburk</u>, 191 S.E.2d 250 (S.C. 1972).

Since a state defines the subject matter jurisdiction of its courts, a challenge on the basis of lack of subject matter jurisdiction is a quintessential question of state law.  Thus, the frequently quoted maximum that a criminal defendant can raise the issue of lack of subject matter jurisdiction at any time should actually be phrased "at any time he is in state court."  In other words, it is up to South Carolina courts to resolve issues as to whether or not subject matter jurisdiction exists.  This court does not review determinations of state law made by South Carolina courts.  See <u>Pulley v. Harris</u>, 465 U.S. 37 (1984) ("[A] federal court may not issue a writ of habeas corpus on the basis of a perceived error of state law.").

The due process clause of the United States Constitution requires only that a defendant be given sufficient notice of the charges prior to trial.  <u>Cole v. Arkansas</u>, 333 U.S. 196 (1948).  It does not require a formal arraignment.  It is clear that the requirement of Grand Jury indictment contained in the Fifth Amendment to the United States Constitution does not apply to the states.  <u>Wilson v. Lindler</u>, 8 F.3d 173, 174 (4th Cir. 1993) (en banc), <i>cert. denied</i>, 510 U.S. 1131 (1994) and <u>U.S. v. Floresca</u>, 38 F.3d 706, 709 n.5 (4th Cir. 1994).  This rule allows states to prosecute felony cases by information as opposed to grand jury indictment.  <u>Hurtado v. California</u>, 110 U.S. 516, 538 (1884); <u>Wilkerson v. Whitley</u>, 28 F.3d 498, 502-3 (4th Cir. 1994) (en banc); and <u>Minner v. Kerby</u>, 30 F.3d 1311, 1317-18 (10th Cir. 1994).  Under South Carolina law, "(t)he indictment is a notice document." <u>State v. Gentry</u>, 363 S.C. 93, 610 S.E.2d 494 (S.C. 2005) (drawing a distinction between sufficiency of indictment and subject matter jurisdiction).

This claim fails because Burt pursued the issue as a matter of state law before the state courts. The brief presented to the South Carolina Supreme Court following denial of PCR I cites only the

South Carolina Constitution, statutes, case law. It was not raised as a violation of the United States Constitution.[4] Burt did attempt to raise a due process claim based on insufficiency of the indictment in PCR II which was rejected as untimely and successive as discussed above.

**E. Ineffective Assistance of Counsel**

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). In the case of Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Turner v. Bass, 753 F.2d 342, 348 (4th Cir. 1985) quoting Strickland, *reversed on other grounds*, 476 U.S. 28 (1986). In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal. Strickland requires that:

> [T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

* * *

---

[4]It was rejected as untimely and successive as discussed above.

20

> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. . . the court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the <u>wide range</u> of professionally competent assistance. (Emphasis added).

<u>Strickland</u> at 694-95.

Under the AEDPA, a federal habeas court must determine whether the state court's decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The court's analysis should center on whether the state courts properly applied the <u>Strickland</u> test. See <u>Williams v. Taylor</u>, 529 U.S. 362 (2000). ("Strickland test provides sufficient guidance for resolving virtually all ineffective assistance of counsel claims.")

Ineffective assistance of counsel claims may be asserted in limited circumstances where the petitioner has entered a plea of guilty. A guilty plea generally precludes the petitioner from challenging defects in the process which occurred prior to the plea. He "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in <u>McMann</u>." <u>Tollett v. Henderson</u>, 411 U.S. 258, 267 (1973). When such a claim is raised, the voluntariness issue is subsumed within the claim of effectiveness of the attorney's assistance. <u>Hill v. Lockhart</u>, 474 U.S. 52, 56 (1985).

In order to prevail on a claim of ineffective assistance of counsel pertaining to a guilty plea, a petitioner must show that his lawyer's performance was incompetent, i.e., the first prong of the <u>Strickland</u> test. Under this prong, counsel "has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." <u>Strickland</u>, 466 U.S. at 691. The prejudice prong of the <u>Strickland</u> test is modified and the petitioner must show "that there is a

reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59.

In PCR I the court addressed Burt's claims that his attorney was ineffective in failing to properly investigate the case and to present mitigating evidence as well as failing to file a direct appeal.

### 1. Investigation

An attorney has a duty to make a reasonable factual and legal investigation to develop appropriate defenses. Sneed v. Smith, 670 F.2d 1348 (4th Cir. 1982). The reasonableness of the investigation is evaluated by the totality of the circumstances facing the attorney at the time. Bunch v. Thompson, 949 F.2d 1354 (4th Cir. 1991), *cert. denied*, 505 U.S. 1230 (1992). The Courts recognize limits to investigation based on time, resources, and relevance and conclude that "Strickland does not impose a constitutional requirement that counsel uncover every scrap of evidence that could conceivably help their client." Green v. French, 143 F.3d 865, 892 (4th Cir. 1998), *abrogated on other grounds* by Williams v. Taylor, 529 U.S. 362 (1998). A decision not to investigate a particular avenue of defense is assessed by the same standard of "reasonableness in all the circumstances" by which an attorney's performance is measured in other areas. Strickland, 466 U.S. 690-91. A petitioner asserting a claim of ineffectiveness of counsel in failing to investigate must make a showing that the failure was prejudicial. Generally, the failure to investigate and present a potential alibi witness supports a claim of ineffective assistance of counsel. However, at the PCR hearing, the petitioner must present evidence establishing what the witness would have said at trial. Bassette v. Thompson, 915 F.2d 932 (4th Cir. 1990), *cert. denied*, 499 U.S. 982 (1991).

At the evidentiary hearing in PCR I, Burt testified that he had given his trial attorney, Mr.

Hinnant, "names people and places" to investigate as well as pointing out discrepancies and contradictions in the video taped interviews of the victim which he and Mr. Hinnant had viewed. (App. 1, 216-218). However, Burt did not produce any of these witnesses at the hearing. The PCR I court found that Burt was not credible because his PCR testimony was contradicted by his statements at the plea hearing. Based on these factors, the PCR court applied <u>Strickland</u> and <u>Hill</u> and found that Burt had not shown that counsel was ineffective.

## 2. Appeal

The right to effective assistance of counsel extends to direct appeal. <u>Pennsylvania v. Finley</u>, 481 U.S. 551, 559 (1987). The <u>Strickland</u> standard is used to evaluate whether counsel was constitutionally deficient for failing to file a notice of appeal. <u>Roe v. Flores-Ortega</u>, 528 U.S. 470 (2000) and <u>Frazier v. South Carolina</u>, 430 F.3d 696, 704-705 (4th Cir. 2005). "To establish a Sixth Amendment violation based upon counsel's failure to appeal, [the petitioner] must prove that (1) counsel was ineffective, and (20 a reasonable probability that, but for counsel's ineffectiveness, an appeal would have been filed." <u>United States v. Witherspoon</u>, 231 F.3d 923, 926 (4th Cir. 2000) (citing <u>Roe</u>, 528 U.S. at 477-83).

If counsel has consulted with the defendant, the failure to file an appeal is deficient only if it contradicts the defendant's instructions to appeal. <u>Roe</u>, 528 U.S. at 478. In the absence of a direct instruction from a defendant to appeal, the question of whether counsel's failure to appeal is constitutionally deficient depends upon "whether counsel in fact consulted with the defendant about an appeal." <u>Roe</u>, 528 U.S. at 478.

> If counsel fails to consult, the defendant may demonstrate prejudice by showing that a rational defendant would want to appeal. The defendant may do this by demonstrating either that (a) there were non-frivolous issues for appeal, or (b) he had adequately indicated his interest in appealing. The mere

> presence of non-frivolous issues to appeal is generally sufficient to satisfy the defendant's burden to show prejudice. Attempting to demonstrate prejudice based on a reasonably obvious interest in pursuing an appeal, however, necessitates an additional showing that, had the defendant received reasonable advice from counsel about the appeal, he would have instructed counsel to file an appeal.

Frazier v. South Carolina, 430 F.3d at 708-709 (internal citations and quotation marks omitted).

The cases cited above were decided well after Burt pled guilty and his right to appeal expired. At that time absent special circumstances, counsel had no duty to inform a defendant of his right to appeal. Casey v. Leverette, 605 F.2d 745 (4th Cir.  ), *cert denied*, 444 U.S. 983 (1979).  The PCR court found as fact that Burt "never requested that counsel file [ ] an appeal until after the time for filing had passed.

## Conclusion

The undersigned concludes that the present petition is untimely and should be dismissed on that basis.  Alternatively, the only claims in the present petition which are not procedurally barred are those presented to the South Carolina Supreme Court in the appeal form the denial of Petitioner's first PCR.  Petitioner has not shown that he is entitled to relief on those grounds. It is, therefore, recommended that Respondent's motion for summary judgment be **granted**, and the petition **dismissed** without an evidentiary hearing.

_____
Joseph R. McCrorey
United States Magistrate Judge

July 29, 2009
Columbia, South Carolina

**The parties are referred to the Notice Page attached hereto.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).