IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Samuel Burt, #141532,

   Petitioner,

v.

Willie Eagleton, Warden; Henry McMaster, Attorney General,

   Respondents.

Civil Action No. 3:08-3110-SB

**ORDER**



This matter is before the Court on the Petitioner's *pro se* request for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The record includes a report and recommendation ("R&R") of a United States Magistrate Judge, which was made in accordance with 28 U.S.C. 636(b)(1)(B). In the R&R, United States Magistrate Judge Joseph R. McCrorey recommends that the Court dismiss the petition as untimely and/or grant the Respondents' motion for summary judgment on the merits. Attached to the R&R was a notice advising the Petitioner of his right to file specific, written objections to the R&R within ten days after being served with a copy. After being granted two extensions of time to file objections, the Petitioner filed a motion to expand the record, a motion to amend his petition, objections to the R&R, and a request for judicial notice of adjudicative facts.

## BACKGROUND

On April 27, 1987, the Petitioner was arrested in Florence County and charged with counts of assault with intent to commit criminal sexual conduct, criminal sexual conduct with a minor in the first degree, and lewd act on a minor. In May of 1987, the Grand Jury returned an indictment charging the Petitioner with six hundred (600) counts of sexual

misconduct toward a minor. The victims were the Petitioner's two stepdaughters and a third child who lived at the residence. Ernest B. Hinnant, Esquire, represented the Petitioner.

On June 15, 1987, the Petitioner pleaded guilty to Counts 1, 13, and 314 of the indictment before the Honorable Dan F. Laney, Jr., who sentenced the Petitioner to three consecutive terms of thirty (30) years each, for a total of 90 years. The Petitioner did not file a direct appeal, and he is currently serving his sentence at the Evans Correctional Institution of the South Carolina Department of Corrections.

## I. The Petitioner's First Post-Conviction Relief ("PCR") Application

On November 28, 1995, the Petitioner filed a *pro se* PCR application in the Court of Common Pleas for Florence County. The Petitioner filed an amended application on January 3, 1996, and on February 19, 1999, the Petitioner filed a 148-page "Addition and/or Amendment to Application for Post-Conviction Relief, Supporting Brief and Attachments A, B, C, D & E."



On February 22, 1999, the Honorable Sidney T. Floyd held an evidentiary hearing, at which Thomas E. Rogers, Jr., Esquire, represented the Petitioner. At the hearing, Rogers summarized the Petitioner's grounds for relief as seeking a new trial based on ineffective assistance of counsel, or in the alternative, as asking the court to rule that he was entitled to file a direct appeal under state procedure. The PCR court issued a written order of dismissal on April 26, 1999.

The South Carolina Office of Appellate Defense filed a petition for a writ of certiorari on the Petitioner's behalf, raising the following issues:

1. Did the trial court have subject matter jurisdiction of the charges to

2

which petitioner pleaded guilty?

2.   Was petitioner's plea knowing and voluntary, where it was the product of coercion, duress, and ineffective assistance of trial counsel?

The South Carolina Supreme Court denied certiorari as to the Petitioner's claim that his guilty plea was involuntary due to ineffective assistance of counsel; however, the court granted certiorari as to the Petitioner's claim that the trial court lacked subject matter jurisdiction and ordered briefing on the issue. After full briefing, the court dismissed the petition for a writ of certiorari as having been improvidently granted. See Burt v. State, No. 2003-MO-027 (filed March 24, 2003). The Petitioner filed a *pro se* petition for rehearing; however, his petition did not relate to the issue of subject matter jurisdiction but instead related to his claim that his guilty plea was involuntary. The South Carolina Supreme Court denied the petition for rehearing, and the Remittitur was returned on April 23, 2003.

## II.   The Petitioner's Second PCR Application

On August 21, 2003, the Petitioner filed a second PCR application. See Burt v. State, No. 03-21-1569. On August 24, 2004, the Honorable B. Hicks Harwell, Jr. held a hearing, at which Henry M. Anderson, Jr., Esquire, represented the Petitioner. After a period of additional briefing the PCR court issued an "Order of Dismissal with Prejudice" dated September 14, 2004, and filed September 16, 2004. The PCR court found the application to be successive pursuant to S.C. Code Ann. § 17-26-90 and in violation of the statute of limitations contained in S.C. Code Ann. § 17-27-45(A).

Instead of seeking immediate appellate review, the Petitioner challenged the sufficiency of the PCR court's order of dismissal. Therefore, the record relating to the Petitioner's second PCR application contains two appendices and a supplemental

3

appendix, which are overlapping and confusing.[1] A review of the record indicates that the Petitioner filed (1) a Motion for Continuance, Hearing, and Reappointment In re Attorney Misconduct; (2) Objection to Proposed Order of Dismissal with Prejudice and Motions; and (3) a Motion to Alter or Amend Judgment and Motions. On October 7, 2004, a hearing was held on the Petitioner's motion, at which Anderson again represented the Petitioner. Thereafter, the PCR court issued a second Order of Dismissal with Prejudice, which was dated February 4, 2005, and filed on February 8, 2005. The court reiterated that the second PCR was successive and violated the state statute of limitations. In addition, the motions listed above were denied by order dated March 30, 2005, and filed April 6, 2005.

The South Carolina Office of Appellate Defense filed a Johnson petition for a writ of certiorari, raising the following issue: Petitioner's first PCR counsel erred in failing to file a Rule 59(e) motion after an order of dismissal was issued at the close of his first collateral action. The Petitioner also filed a *pro se* brief raising the following issues:

> I. Did the PCR court err by denying Petitioner's motion to alter or amend judgment from a dismissal with prejudice of Petitioner's PCR application containing a valid claim to an evidentiary hearing pursuant to Austin v. State?
>
> II. Was the PCR court's adjudication of Petitioner's subject matter jurisdiction issues erroneous and inadequate to comply with state and d[u]e process?

The Petitioner filed an "Objection to a Faulty Record and Appendix Supplement," which the South Carolina Supreme Court construed as a motion to amend the record. By order dated January 10, 2008, the court denied the petition for a writ of certiorari and the motion to amend. The Remittitur was returned on January 28, 2008.

---

[1] Contrary to the Petitioner's assertion in his objections, the Court does not blame the confusing nature of the appendix on the Petitioner.

4

## III. The Petitioner's § 2254 Petition

The Petitioner filed this § 2254 petition on September 12, 2008, listing the following eleven grounds for relief:[2]

**Ground One:** Petitioner was denied his right of appeal through ignorance and counsel's incompetent advise and numerous failures to object or preserve issues for appeal;

**Ground Two:** Petitioner was convicted by a plea of guilty which was not made voluntary with an understanding of the nature of the charge, the crucial elements of the felonies to which he was pleading, the consequences of the plea or the maximum time he actually facing, his rights concerning assistance of counsel and confrontation of witnesses, the factual basis to which he was pleading, or his right to appeal;

**Ground Three:** Petitioner's guilty plea was not entered knowingly or voluntarily, but was the product of coercion, of misadvise, of duress, of ignorance and of the constructive deprivation of assistance of counsel altogether;

**Ground Four:** Petitioner's conviction and sentence was obtained in violation of due process of law, the right to be informed of the nature and cause of the accusations, the protection against double jeopardy, and to a fair trial because wholly or substantially defective indictments were grossly inadequate, prejudicial inflammatory and failed to inform and to confer jurisdiction on the court;



**Ground Five:** Petitioner's conviction stands void as a matter of law because there exists no confession nor evidence in the record to support the same; the state erred and cannot support a conviction based on hearsay and other incompetent, nonprobative evidence in violation of the United States Constitution;

**Ground Six:** Petitioner was sentenced by a judge who - because of counsel's failure to object to hearsay and other incompetent, nonprobative evidence adduced by the Solicitor at sentencing - was influenced by improper considerations to impose the maximum sentence contrary to counsel's pretrial assertions.

**Ground Seven:** Trial counsel numerously and steadfastly refused to render

---

[2] As the Magistrate Judge noted, many of the grounds for relief are redundant.

assistance of counsel altogether which resulted in an involuntary guilty plea constituted pervasive incompetency and presumed prejudice;

**Ground Eight:** Trial counsel's collective performance demonstrated a constructive conflict of interest such that he abandoned any pretense of representation and effectually acted in the role of an adversary to his client rendering due- [process] unfair and unconstitutional as a matter of law.

**Ground Nine:** Petitioner is entitled to federal habeas corpus relief because from a uniquely unconstitutional conviction and sentence petitioner has been denied full, fair and just due process of law in pursuit of both direct and collateral appeal.

**Ground Ten:** Petitioner is entitled to plenary review of his habeas corpus claims because from an extraordinarily unconstitutional conviction and sentence unlawfully imposed state remedies have proven ineffective, inadequate and arbitrary in violation of the United States Constitution.

**Ground Eleven:** Petitioner should be granted an evidentiary hearing for review of his habeas corpus claims because the state courts' adjudication of his constitutional issues has been irremediably colored and rendered unreliable by reason of numerous unfair and prejudicial legal, factual and procedural errors.

## STANDARD OF REVIEW

I.  **Summary Judgment Standard**

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper if "there is no genuine issue as to any material fact." The Court is not to weigh the evidence, but determine whether there is a genuine issue of fact. <u>Anderson v. Liberty Lobby, Inc.</u> 477 U.S. 242, 249 (1986). If no material dispute exists, summary judgment should be granted against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986). All evidence should be viewed in the light most favorable to the non-moving party. See <u>Perini Corp. v. Perini</u>



Const., Inc. 915 F.2d 121, 123-24 (4th Cir. 1990).

## II. The Magistrate Judge's R&R

This Court is charged with conducting a *de novo* review of any portion of the R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations outlined by the Magistrate Judge. 28 U.S.C. § 636(b)(1)(B). Any written objection must specifically identify the portion of the R&R to which the objection is made and give the basis for the objection. Id.

## DISCUSSION

In the R&R, the Magistrate Judge first determined that the Petitioner's § 2254 petition was untimely pursuant to the statute of limitations contained in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). In addition, the Magistrate Judge determined that the Petitioner's claims failed on the merits.

## I. The AEDPA's Statute of Limitations

Pursuant to the AEDPA, as amended in 1996, a one-year period of limitation applies to an application for "a writ of habeas corpus by a person in custody pursuant to the judgment of a state court." 28 U.S.C. § 2244(d)(1). The limitation period for filing a § 2254 petition concerning a specific state court judgment begins to run from the latest of four possible dates:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A-D). "[P]risoners whose convictions became final any time prior to the effective date of the AEDPA had until April 23, 1997, to file their . . . § 2255 motion[s]." Brown v. Angelone, 150 F.3d 370, 375 (4th Cir.1998). Additionally, § 2244(d)(2) provides that its one-year limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). "[U]nder § 2244(d)(2) the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review), is tolled from the limitations period for federal habeas corpus petitioners . . . ." Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999). However, a State PCR proceeding must be "properly filed' for the statutory tolling provisions of § 2244(d)(2) to apply. "When a post-conviction petition is untimely under state law, it is not considered "properly filed." Pace v. DiGulielmo, 544 U.S. 408 (2005).

Here, the Petitioner's conviction became final well before the effective date of the AEDPA; however, his first PCR was pending on the effective date of the AEDPA and remained pending until April 23, 2003, when the Remittitur was returned by the South Carolina Supreme Court. Therefore, the Petitioner had until April 24, 2004, to file his

8

petition in this Court. As the Magistrate Judge noted, however, he did not do so. Instead, a review of the record indicates that the Petitioner filed a second PCR application in August of 2003, and that this petition remained pending for over four years. Nevertheless, the State court found this petition to be successive and barred by the statute of limitations (having been filed more than six years after the statutory filing period expired), and based on this, the Magistrate Judge determined that it was not "properly filed" for purposes of § 2244(d)(2). See Pace, 544 U.S. 408; Moore v. Warden, 2009 WL 2513462 (D.S.C. Aug. 13, 2009) (noting that PCR applications that were dismissed as successive and untimely were not "properly filed" and therefore did not toll the limitations period). Accordingly, the Magistrate Judge found that the Petitioner's second PCR application did not toll the one-year statute of limitations, rendering this § 2254 petition untimely.[3]

After a thorough review of the record and the Petitioner's post-R&R filings, including his lengthy written objections, the Court agrees with the Magistrate Judge that this § 2254 petition is time-barred under the AEDPA because the Petitioner's second PCR application was not "properly filed" for purposes of § 2244(d)(2). Stated differently, because the State court found the Petitioner's second PCR application to be successive and untimely, the

---

[3] In addition, the Magistrate Judge noted that the Petitioner did not seek to invoke the doctrine of equitable tolling. Generally, a petitioner seeking equitable tolling bears the burden of establishing (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. Pace, 544 U.S. at 418 (citation omitted). Equitable tolling is available only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quotation marks omitted), cert. denied, 516 U.S. 832 (2004); see also United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (quoting the same). Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present: "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Rouse, 339 F.3d at 246.

second PCR application was not "properly filed" and therefore did not toll the statute of limitations. See Pace, 544 U.S. 408 (holding that a state PCR application that is rejected by the state court as untimely is not "properly filed" within the meaning of § 2244(d)(2) and therefore does not entitle the petitioner to statutory tolling); Allen v. Siebert, 552 U.S. 3 (2007) ("We therefore reiterate now what we held in Pace: 'When a postconviction petition is untimely under state law, that [is] the end of the matter for purposes of § 2244(d)(2)'") (quoting Pace, 544 U.S. at 414). Moreover, the Court finds that the Petitioner's objections do not alter this conclusion and that the Petitioner has not shown that he is entitled to the benefit of the equitable tolling doctrine.

## CONCLUSION

Based on the foregoing, the Court agrees with the Magistrate Judge that the Petitioner's § 2254 petition is untimely and should be dismissed on that basis.[4] Accordingly, the Court adopts the R&R (Entry 33) and grants the Respondents' motion for summary judgment (Entry 13) insofar as the Court finds the § 2254 petition untimely. The Court overrules the Petitioner's objections (Entries 44, 45, and 46) and denies as moot any remaining motions.

**IT IS SO ORDERED.**

The Honorable Sol Blatt, Jr.
Senior United States District Judge

September 16, 2009
Charleston, South Carolina

---

[4] Because the Court finds the current petition untimely, the Court does not address the merits of the Petitioner's claims.